**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID M. WONSETLER,**

      **Plaintiff,**

**v.**                                **Case No. 8:07-cv-125-T-30MSS**

**MORGAN TIRE & AUTO, INC.; BFS**
**RETAIL & COMMERCIAL**
**OPERATIONS, LLC; BRIDGESTONE**
**AMERICAS HOLDING, INC.,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 6) and Motion to Compel Arbitration (Dkt. 7) and Plaintiff's Response in Opposition to the same (Dkt. 12).

## MOTION TO DISMISS STANDARD

Under Conley v. Gibson, 355 U.S. 41, 45 (1957), a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. See also Bracewell v. Nicholson Air Services, Inc., 680 F.2d 103, 104 (11th Cir.1982). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims, but at a minimum must provide a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47(quoting

Fed.R.Civ.P. 8(a)(2)).  In deciding a motion to dismiss, a court can examine only the four corners of the complaint.  Rickman v. Precisionaire, Inc., 902 F.Supp. 232 (M.D.Fla.1995).  Additionally, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232 (1974); Howry v. Nisus, Inc., 910 F.Supp. 576 (M.D.Fla.1995).  However, when no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate.  See Executive 100, Inc. v. Martin County, 922 F.2d 1536 (11th Cir.1991), *cert. denied,* 502 U.S. 810 (1991);  Powell v. United States, 945 F.2d 374 (11th Cir.1991).

## **FACTUAL BACKGROUND**

Plaintiff, a sixty-two year old male, is a former employee of Defendants.  Plaintiff began his employment with Firestone Tire & Rubber Company on June 1, 1971, and later on September 9, 1985, became employed with Morgan Tire & Auto, Inc..[1]   Plaintiff was terminated from his employment with Morgan Tire on December 2, 2005, as part of a reduction in force.[2]   Those employees included in the reduction in force received a severance package.  Plaintiff received his severance package on July 8, 2005.  Included in all severance

---

[1] In 2001, BFS Retail & Commercial Operations, LLC obtained a majority interest in Morgan Tire & Auto.  BFS conducts its operations in Florida through retail establishments like Morgan Tire.

[2] On or around June 24, 2005, Plaintiff and other employees were informed that the accounting, accounts payable, and inventory departments were being eliminated and all positions were similarly being eliminated with all functions being transferred to an out of state office.

packages was a General Release. Plaintiff alleges the Release is wrought with errors, both factually and legally, and is in violation of the Age Discrimination in Employment Act (hereinafter "ADEA"), as amended by the Older Workers Benefit Protection Act.[3] Plaintiff also alleges that subsequent to the reduction in force, Defendants filled his position with a younger person, in violation of the ADEA. It is upon these facts which Plaintiff's claims are based.

In their Motion to Dismiss, Defendants argue that Plaintiff's Complaint should be dismissed because the issues presented in the Complaint are issues which, according to the Employee Dispute Resolution Plan, must be addressed in binding arbitration. This Court agrees.

## **DISCUSSION**

On September 10, 2003, Morgan Tire implemented an Employee Dispute Resolution Plan (hereinafter referred to as "the Plan" or "EDRP"). This Plan covered all non-union employees and provided the exclusive method for resolving employment related claims. On page one of the Plan, it reads, in large capital letters:

> THE EMPLOYEE DISPUTE RESOLUTION PLAN IS THE EXCLUSIVE MEANS OF RESOLVING EMPLOYMENT-RELATED DISPUTES. ALL PERSONS WHO APPLY FOR EMPLOYMENT, ACCEPT EMPLOYMENT, CONTINUE WORKING FOR . . . AGREE TO RESOLVE ALL SUCH DISPUTES THROUGH THE MEDIATION AND BINDING

---

[3] The Older Workers Benefit Protection Act (hereinafter "OWBPA") governs the waiver and release of age discrimination claims between employers and employees. See 29 U.S.C. §626(f).

  ARBITRATION PROCESS DESCRIBED HEREIN INSTEAD OF THROUGH THE COURT SYSTEM.

(Dkt. 6, Ex. 3). Plaintiff was employed by Morgan Tire at the time the EDRP was implemented and received a copy of the same, having executed a "Current Employee Acknowledgment" form. <u>Id.</u> at Ex. 4. By signing the Acknowledge form, Plaintiff acknowledged receipt and review of the EDRP.

  In their Motion to Dismiss, Defendants argue Plaintiff's Complaint should be dismissed because his claims are subject to compulsory arbitration. Plaintiff argues his claims are not subject to Defendants' EDRP because he never signed an Agreement, but rather an Acknowledgment form. He further argues he is not bound by the EDRP because there is no contractual relationship between him and Defendants. (Dkt. 12). In support of this argument, Plaintiff relies on <u>Newman v. Hooters of America, Inc.</u>, 2006 WL 1793541 (M.D. Fla. 2006).

  In <u>Newman</u>, plaintiff, upon obtaining employment with defendant, was required to complete an application which informed her of the existence of an arbitration clause to which she had to agree prior to being considered for employment. <u>See id.</u> at 1. Plaintiff also was required to complete a New Hire Packet which included an Arbitration Agreement as well as a Notice to Applicants regarding the Arbitration Agreement. <u>See id.</u> At some time after she was employed, plaintiff filed suit alleging violation of Title VII. Defendants filed a motion to dismiss arguing plaintiff's claims were subject to dismissal because they were subject to an enforceable Arbitration Agreement. <u>See id.</u> Defendants, however, failed to

produce a copy of the Arbitration Agreement, and argued that an inference should be made regarding the existence of an agreement because "if Plaintiff began working, then she must have executed an Arbitration Agreement." Id. at 2.  The Court refused to accept defendants' reasoning, stating it "would not rely on 'if, then' scenarios and reverse factual inferences to establish the existence of a contract." Id.  Defendants' Motion was subsequently denied. Id.

Newman is distinguishable from the case presently before this Court, specifically because Defendants have produced a copy of the arbitration agreement (EDRP) as well as a copy of Plaintiff's *signed* acknowledgment form indicating he had received *and* reviewed the EDRP.  The fact Plaintiff overlooked the first page of the EDRP and failed to examine it in its entirety prior to signing the Acknowledgment form, does not vitiate the agreement. He agreed, by continuing his employment with Defendants, to adhere to the EDRP. Accordingly he is bound to the terms of the EDRP and must resolve his claims through the proceedings outlined therein.

It is therefore ORDERED AND ADJUDGED that:

1. Motion to Dismiss (Dkt. 6) and Motion to Compel Arbitration (Dkt. 7) are **GRANTED**.  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

2. This matter is **STAYED**.  The Clerk is directed to administratively **CLOSE THIS CASE** until resolution of the arbitral proceedings.

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

Counsel/Parties of Record

S:\Odd\2007\07-cv-125 Motion to Dismiss and Compel Arbirtration.frm